People v Francis

2026 NY Slip Op 50699(U)

April 30, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Crimes—Trespassing--Sufficiency and Weight of Evidence

The People of the State of New York, Respondent,

v

Robert Francis, Appellant.

Supreme Court, Appellate Term, Second Department, 9th And 10th Judicial Districts

Decided on April 30, 2026

2019-629 N CR

Present: : Joseph R. Conway, J.P., Timothy S. Driscoll, Maureen T. Liccione, JJ

Stacy E. Albin-Leone, for appellant.

Nassau County District Attorney (Kevin C. King and Michelle Kaszuba of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Elizabeth Fox-McDonough, J.), rendered November 27, 2018. The judgment convicted defendant, after a nonjury trial, of trespass, and imposed sentence.

[*1]

ORDERED that the judgment of conviction is affirmed.

Defendant was charged with trespassing (Penal Law § 140.05) in an accusatory instrument which alleged that, at approximately 10:15 p.m. on March 25, 2017, a homeowner of a private residence on Sherman Avenue in Rockville Centre observed defendant "walking along the side of [her] house."

At a nonjury trial, defense counsel moved to preclude the admission of any statements that were made by witnesses in a previous trial, involving an incident that occurred on a different date at a different address, in which defendant was acquitted of all charges. However, defense counsel explicitly stated that he had no objection to the admission of defendant's written statement into evidence without redactions, even though defendant made admissions "with respect to the acquitted [*2]matter." The court agreed that defendant's written statement would be admitted into evidence. With respect to any other statements, the court remarked that it would "limit the evidence . . . to the date, time and place of when th[e] trespass [in this case] is alleged to have occurred."

The People presented testimony from the homeowner, and a police officer and detective employed by the Rockville Centre Police Department. The homeowner testified that, when she looked out the front windows of her dining room at 10:15 p.m. on March 25, 2017, she observed an African-American man wearing a black shirt, khaki pants, a "black puffy vest and a black beanie cap" walk in front of her house and make a right turn. Through the side window of her dining room, she saw him walk up her driveway. She stated that she did not know this man, and that he did not have permission to enter her driveway. She indicated that one of the motion detector lights located at the back of her house was triggered when the man walked up her driveway, but that she did not see him cross the fence in the rear of her driveway, because she "lost sight of him" after he passed the side window of her dining room. Her husband called the police. On cross-examination, the homeowner testified that the police arrived quickly, and proceeded to look around the neighborhood for the suspect. The police returned to her house and informed her that they had found a suspect matching the description. She stated that the police showed her a copy of defendant's driver's license, but that she could not identify him through the license photograph, as she had not seen every feature of his face when he walked up her driveway.

The police witnesses testified that defendant was located at around 10:30 p.m. about 10 houses away from the subject house, and that they found his car parked across the street from the homeowner's address. They also alleged that his race, gender, and clothing matched the homeowner's description. The detective indicated that, after defendant voluntarily accompanied him back to police headquarters and waived his Miranda rights, defendant admitted to walking through backyards on Sherman Avenue on March 25, 2017 "looking [for somewhere] to masturbate." The detective and his partner took defendant on a canvas of Sherman Avenue in the detective's vehicle, and the detective testified that defendant pointed to the subject house, and stated that he had walked up its driveway. After returning to police headquarters, the detective prepared a written statement memorializing defendant's admissions, and he read it to defendant. Defendant signed the written statement without objection. The written statement was admitted into evidence at trial over defense counsel's objection, but only the first two lines were read out loud. Defense counsel explicitly stated that he did not object to the reading of the first two lines of the statement. The written statement did not specifically refer to the subject house or its address, but did state that defendant had "been out walking through yards on Sherman Ave. looking for someone in a house to masturbate to" when the officers stopped him "in the vicinity of Sherman Ave. and Capitolian Blvd." on March 25, 2017. The detective had no knowledge of defendant's driver's license being shown to the homeowner, and stated that showing defendant's driver's license to the homeowner would have been an improper identification procedure.

After the People rested, and defendant rested without presenting any evidence, defendant moved for a trial order of dismissal, which motion was denied. On November 27, 2018, the District Court (Elizabeth Fox-McDonough, J.) convicted defendant of trespass and imposed sentence. On [*3]appeal, defendant argues that the admission of his written statement constituted reversible error, because it included admissions related to other incidents and charges of which defendant was acquitted, and did not specifically refer to the subject house, in violation of the District Court's pretrial ruling that only statements referring to the date, time, and place of the alleged trespass would be admissible. Defendant also claims that the verdict is not supported by legally sufficient evidence, and is against the weight of the evidence, because the People did not establish that the individual who entered the homeowner's driveway did not have a license to enter, or that defendant was the individual whom the homeowner saw enter her driveway.

At the outset, defendant's contentions regarding the admissibility of his written statement were waived when his counsel informed the court that he had agreed that the statement would be admitted without redactions. Although he argues that the court's admission of the written statement violated the court's pretrial ruling because the statement did not specifically refer to the homeowner's address, the court's pretrial ruling that it would only consider statements that refer to the date, time, and place of the subject incident was not applicable to defendant's written statement, as counsel for both parties and the court had previously agreed that the written statement would be admitted. The court's pretrial ruling pertained to statements other than defendant's written statement. In any event, the District Court indicated that it would not consider portions of the written statement that referred to other incidents, and only the first two lines of the written statement pertaining to the subject incident were read out loud in court.

"The standard for reviewing the legal sufficiency of evidence in a criminal case is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (People v Flanagan, 28 NY3d 644, 656 [2017] [internal quotation makes omitted]; see People v Delamota, 18 NY3d 107, 113 [2011]; People v Danielson, 9 NY3d 342, 349 [2007]). "[T]he test for appellate review on the issue of the legal sufficiency of the evidence is the same for both direct and circumstantial evidence" (People v Rossey, 89 NY2d 970, 971-972 [1997]; see People v Shivcharran, 241 AD2d 468, 469 [1997]).

Pursuant to Penal Law § 140.05, "[a] person is guilty of trespass when he knowingly enters or remains unlawfully in or upon premises." "A person 'enters or remains unlawfully' in or upon premises when he is not licensed or privileged to do so" (Penal Law § 140.00 [5]). "In general, a person is 'licensed or privileged' to enter private premises when he has obtained the consent of the owner or another whose relationship to the premises gives him authority to issue such consent" (People v Graves, 76 NY2d 16, 20 [1990]; see People v Mosley, 200 AD3d 1664, 1665 [2021]).

Viewing the evidence in the light most favorable to the People, we find that the evidence presented at trial was legally sufficient to establish defendant's guilt of trespass beyond a reasonable doubt. Contrary to defendant's contention, the portion of the subject driveway upon which defendant walked, at the very least, was not presumptively open to the public, as it was on the side of the house and defendant was seen walking toward the backyard (see e.g. Graves, 76 NY2d at 20; Mosley, 200 AD3d at 1665; People v Morris, 126 AD3d 813, 814 [2015]; People v Gravano, 67 AD2d 988 [*4][1979]), and it was undisputed that the homeowner did not give defendant permission to walk there. While "a person who enters upon premises accidentally, or who honestly believes that he is licensed or privileged to enter, is not guilty" of trespass (People v Basch, 36 NY2d 154, 159 [1975]), defendant admitted in his written statement to walking through yards on Sherman Avenue in an attempt to find somewhere to masturbate, indicating that his entrance was not a mistake. Moreover, the evidence was sufficient to show that defendant was the individual who walked upon the homeowner's driveway, based on defendant's written statement and the detective's testimony indicating that defendant had orally admitted to walking upon the homeowner's driveway, in conjunction with other evidence supporting defendant's guilt (see CPL 60.50; People v Santiago, 22 NY3d 740, 748 [2014]; People v Chico, 90 NY2d 585, 589 [1997]). This other evidence includes the detective's testimony that defendant's race, gender, and clothing matched the description provided by the homeowner, and the close proximity to the homeowner's residence of defendant's parked vehicle and the location where he was eventually stopped by the police. Any error with respect to the police allegedly showing defendant's driver's license photograph to the homeowner was harmless, as it was undisputed that the homeowner did not identity defendant through this photograph.

Upon exercising our factual review power (see CPL 470.15 [5]; Danielson, 9 NY3d at 348-349), while according great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdict was not against the weight of the evidence.

Accordingly, the judgment of conviction is affirmed.

CONWAY, J.P., DRISCOLL and LICCIONE, JJ., concur.

ENTER:

Jennifer Chan

Chief Clerk

Decision Date: April 30, 2026